# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ADRIANNE HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV921 JCH |
| | ) |
| DIVISION OF YOUTH SERVICES | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. However, after a review of the complaint and the corresponding documentation, the Court will order plaintiff to show cause why this action should not be dismissed.

## The Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to review pleadings filed in forma pauperis. If at any time it appears that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief, the Court may dismiss a complaint. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915 (e) if the statute of limitations has run. See, e.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff, an employee at the Division of Youth Services, filed the instant action on June 11, 2009, alleging generally that she was subjected to acts of harassment (hostile work environment) and/or retaliation. Plaintiff names as defendants her employer, the Division of Youth Services, as well as supervisors Chad Davenport and Jeannette Ervin.

In her complaint, plaintiff did not indicate the statutory basis for her claims or the protected class to which she belonged. Plaintiff did, however, attach to her complaint notices of right to sue from both the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"), mailed to plaintiff on March 3, 2009 and April 22, 2009, respectively. Plaintiff additionally attached to her complaint a copy of her Charge of Discrimination in which indicates that she believes her rights were discriminated against under Title VII of the Civil Rights Act of 1964 ("Title VII"). Despite this broad assertion, like her complaint, plaintiff did not indicate on her Charge of Discrimination the protected class to which she believes she belongs. Rather,

plaintiff asserts broadly that "[i]n November of 2008, I filed a grievance regarding scheduling and in December 2008, I filed a grievance as a result of the actions taken against me by Chad Davenport, Facility Manager, and Jeannette Ervin, Supervisor."

## **Discussion**

A plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f).[1] Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir.1984). The ninety-day period in this case elapsed on approximately June 1, 2009. Plaintiff did not file her suit until June 11, 2009. As a result, this action appears to be time-barred and subject to dismissal.

Alternatively, this action should be dismissed because it fails to state a claim upon which relief can be granted. As noted above, plaintiff has not alleged that she was being harassed as a result of her inclusion in a protected class, nor has she identified an employment practice prohibited under Title VII about which she

---

[1] Although plaintiff has attached a copy of her notice of right to sue from the Missouri Commission on Human Rights, she has not indicated that she is proceeding against defendants under the Missouri Human Rights Act. Thus, the Court assumes that plaintiff is proceeding against defendants only under Title VII.

complained. See, e.g., Faragher v. City of Boca Raton, 524 U.S. 775, 786 (1998); Green v. Franklin Nat'l Bank, 459 F.3d 903, 914 (8th Cir. 2006); Buettner v. Arch Coal Sales Co., 216 F.3d 707 , 714 (8th Cir. 2000) (noting that Title VII prohibits retaliation against an employee who opposes an unlawful employment practice and also protects employees who oppose employment actions that are not unlawful, so long as the employee acted in a good faith, reasonable belief that the practices were unlawful). Thus, as currently alleged, plaintiff's claims for harassment and retaliation appear subject to dismissal.

Moreover, a supervisor cannot be held individually liable for damages under Title VII. Thus, plaintiff's claims against defendants Davenport and Ervin are also subject to dismissal. See, e.g., Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999) citing Bonomolo-Hagen v. Clay Central-Everly Community School Dist., 121 F.3d 446, 447 (9th Cir. 1997); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).

In light of the aforementioned, plaintiff will be required to show cause why her lawsuit should not be dismissed. Failure to respond to this Order or failure to show adequate cause will result in a dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, within **twenty (20) days from the date of this Order**, why her complaint should not be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that plaintiff's failure to respond to this Order or failure to show adequate cause will result in a dismissal of this case.

Dated this 1st Day of July, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE