UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADRIANNE HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09CV921 JCH |
| ) | |
| DIVISION OF YOUTH SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's response to show cause. Having reviewed the response, the Court finds that this case should be dismissed prior to service of process.

Plaintiff, an employee at the Division of Youth Services, filed the instant action on June 11, 2009, alleging generally that she was subjected to acts of harassment and/or retaliation. Plaintiff named as defendants her employer, as well as supervisors Chad Davenport and Jeannette Ervin. Although plaintiff did not indicate the statutory basis for her employment discrimination claims, the Court assumed she was bringing her allegations pursuant to Title VII of the Civil Rights Act of 1964 "(Title VII)", 42 U.S.C. §§ 2000e et seq. Attached to plaintiff's complaint was a charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC"),

as well as notices of right to sue from both the EEOC and the Missouri Commission on Human Rights, mailed to plaintiff on March 3, 2009 and April 22, 2009, respectively.

After granting plaintiff in forma pauperis status and reviewing her complaint pursuant to 28 U.S.C. § 1915, the Court ordered plaintiff to show cause why her case should not be dismissed as time barred. In response, plaintiff filed more than 100 pages of exhibits, purportedly detailing the alleged harassment and/or retaliation she had been subjected to by defendants. Plaintiff did not, however, address the untimeliness of her Title VII complaint.

A plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir.1984); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) ("Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run."). The ninety-day period in this case elapsed on approximately June 1, 2009. Plaintiff did not file her suit until June 11, 2009. As a result, it is time-barred, and it shall be dismissed. Moreover, to the extent plaintiff was attempting to assert state law claims against defendants, the

Court declines to exercise jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3).[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st Day of July, 2009.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[1] Although plaintiff attached a copy of her notice of right to sue from the Missouri Commission on Human Rights, she did not indicate in her complaint that she was proceeding against defendants under the Missouri Human Rights Act. Thus, the Court assumes that plaintiff was proceeding against defendants only under Title VII.